IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL WATTS, § | | |
| #39661-177, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1409-L(BK) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening.

### I. BACKGROUND

Plaintiff, a federal pretrial detainee incarcerated at FCI Seagoville, filed this *pro se* civil action against the United States to "quiet title." (Doc. #1 at 1.) He alleges "[t]he United States has placed an improper lien on the trust, William Michael Watts®." (*Id.*)[1]

On July 21, 2010, the magistrate judge issued a notice of deficiency and order advising Plaintiff that his complaint did not comply with FED. R. CIV. P. 8(a), and that he needed to pay the filing fee or submit a motion to proceed *in forma pauperis*. Although Plaintiff complied with the latter, he has failed to submit a complaint that complies with the pleading requirements of Rule 8(a).

---

[1] Plaintiff is proceeding *pro se* with standby counsel in the federal criminal case pending against him in this court. *See United States v. Watts*, No. 3:09-CR-249-D(09) (N.D. Tex.).

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit a complaint in compliance with Rule 8(a). He has refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *see also Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissal with prejudice for want of prosecution).[2]

---

[2] It is unclear whether the higher *Callip* standard for dismissal with prejudice for want of prosecution would be applicable in this case. The complaint fails to allege when the events at issue occurred. (Doc. #1.)

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED September 7, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE